IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                                  Civ. No. 11-924

$20,000.00 IN UNITED STATES CURRENCY,

2007 CHEVROLET TRAILBLAZER
VIN:1GNDS13S572132837,

    *Defendants,*

and

URBANO RODRIGUEZ-BRAVO,
KARLA REGINA RODRIGUEZ,

    *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1.     This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.     The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.     Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.     The "res" or property which is the subject of this action consists of Twenty Thousand ($20,000.00) in U.S. Currency and 2007 Chevrolet Trailblazer

VIN:1GNDS13S572132837 (hereafter referred to as "Defendant Property").

**PARTIES AND CLAIMANTS**

5.  The following persons may claim an interest in Defendant Property:

   (a).  Urbano Rodriguez-Bravo at 4006 Lilac Drive, Las Cruces, NM 88005 and/or 1605 Miller Ave., Clearwater, FL 83021, whose attorney is Mark D'Antonio, Esq., 277 E. Amador Ave #201, P.O. Box 1086, Las Cruces, NM 88004;

   (b).  Karla Regina Rodriguez at 4006 Lilac Drive, Las Cruces, NM 88005.

**FACTS**

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.  On June 8, 2011, U.S. Customs and Border Protection (CBP) Officers were conducting southbound operations at the Santa Teresa Port of Entry. Officers stopped a 2007 Chevrolet Trailblazer and encountered Urbano and Karla Rodriguez traveling from Florida to Mexico. Officers asked the Rodriguez' if they possessed weapons, ammunition, or monetary instruments in excess of $10,000. Urbano stated that his wife had $9,000 cash in her purse. Urbano stated the money was his, and he had saved it for the past thirty years. Officer asked Urbano what kind of work he does. Urbano responded he was a janitor, but had no work currently. The Officer asked Urbano if they usually go to Mexico in this same vehicle. Urbano replied yes.

2

7. Officers referred the vehicle to a secondary additional inspection which included a VACIS x-ray. The vehicle upholstery and engine compartment showed signs that it had been tampered with. The inspection yielded negative results.

8. In the secondary examination area, Urbano again denied that he had any weapons, ammunition, or monetary instruments in excess of $10,000. CPB Officers conducted a pat down of Urbano and discovered something concealed in the groin area of his clothing. Urbano then admitted that he had $10,000 hidden under his clothing. This was in addition to the $10,000 that was found in Karla's purse.

9. After being advised of their rights, both Urbano and Karla waived their rights and spoke to investigators. Karla stated that the $10,000 in her purse was withdrawn from their bank prior to arriving at the Port of Entry. Karla provided a transaction sheet confirming this information. She stated that the money came form their cleaning business. She denied having any knowledge about the $10,000 hidden in Urbano's clothing. She also claimed that she was not aware of the requirement to declare the export of $10,000 or more in currency. She claimed that she did not see the signs stating this requirement as they entered the Port of Entry.

10. When interviewed separately, Urbano stated that the money came from his janitorial/cleaning company in Florida. He admitted that he was aware of the requirement to report the export of $10,000 or more in cash and that he had seen the signs so stating during his frequent travels in and out of the United States. He explained that he did not declare the currency hidden in his clothing, despite being give several opportunities to do so, because he planned to travel through dangerous areas in Mexico.

11. The $20,000 and 2007 Chevrolet Trailblazer were seized by CBP.

**CLAIM FOR RELIEF**

12. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because the currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 or is property traceable to such property.

13. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

14. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 31 U.S.C. § 5332(c)(1) because it was involved in a violation of 31 U.S.C. § 5332(a) or a conspiracy to commit such violation, or is property traceable to such violation or conspiracy.'

15. Defendant Vehicle is subject to arrest and forfeiture to Plaintiff under 31 U.S.C. § 5332(c)(1) because it was involved in a violation of 31 U.S.C. § 5332(a) or a conspiracy to commit such violation, or is property traceable to such violation or conspiracy.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*/s/ signature*

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103-0607
(505) 346-7274

### 28 U.S.C. § 1746 DECLARATION

I am a Task Force Agent with the U.S. Department of Homeland Security, Customs and Border Protection who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 10/13/11

_____
Roberto Villarreal, Jr., Task Force Agent
U.S. Department of Homeland Security
Customs and Border Protection